UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRAIG RUMPH | : |
| Plaintiffs | : |
| v. | : CIVIL ACTION NO. 2:25-cv-7102 |
| NJ CASUALTY INSURANCE COMPANY, | : |
| Defendant | : |

**NOTICE OF REMOVAL BY
DEFENDANT, NJ CASUALTY INSURANCE COMPANY**

COME NOW the Defendant, NJ Casualty Insurance Company ("NJ Casualty"), by counsel, pursuant to 28 U.S.C. §§1332, 1441 and 1446, and hereby give notice of removal of this action to the United States District Court for the Eastern District of Pennsylvania.

As grounds for removal, Defendant states as follows:

**A.   Introduction**

1. On November 20, 2025, Plaintiff, Craig Rumph, commenced a civil action against Defendant, NJ Casualty, in the Philadelphia Court of Common Pleas in Pennsylvania, now pending in Civil Action No. 251102912 (the "State Court Action"). *A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit "A".*

2. Plaintiff's Complaint alleges, that [o]n or about Saturday, July 27, 2024, Plaintiff operated the motor vehicle insured by NJM Insurance Company [sic] … [and] was traveling on Ogontz Avenue with intersection at Chew Avenue, Philadelphia, Pennsylvania, when he was struck by an underinsured vehicle that rear-ended Plaintiff, Craig Rumph." *Exhibit "A", ¶¶4-5*.

3. Plaintiff's Complaint further alleges that the torfeasor resolved his claim with Plaintiff for their policy limits and that NJ Casualty, *inter alia*, refused "to make adequate payment to Plaintiff, Craig Rumph … without reasonable basis in law or fact." *Exhibit "A",*

¶¶8-13.

4.     Accordingly, Plaintiff asserts a breach of contract claim concerning a claim for underinsured motor benefits in regard to the subject accident, Defendant, NJ Casualty. *See Exhibit "A"*.

5.     Plaintiff is a resident of Philadelphia, Pennsylvania, and therefore citizen of Pennsylvania. *See Exhibit "A", Caption and ¶1.*

6.     Defendant NJ Casualty is incorporated with a principal place of business in New Jersey; and as such, NJ Casualty is a citizen of New Jersey. *See Disclosure Statements attached hereto.*

7.     On December 2, 2025, Counsel for Plaintiff filed an Affidavit of Service purporting service of the Complaint upon Defendant, NJ Casualty via Certified Mail on New Jersey Manufacturers Insurance Company at 301 Sullivan Way, West Trenton, New Jersey, 08628 on November 20, 2025.

8.     This action is properly removed under 28 U.S.C. Section 1441(a) which states as follows, in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending …

28 U.S.C. Section 1441(a)

9.     As explained in detail below, this court has original jurisdiction of this action pursuant to 28 U.S.C. Section 1332(a) which states as follows, in relevant part:

> The district court shall have original jurisdiction of all civil actions where the matter and controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost, and is between
>
> > (1)     Citizens of different states …

28 U.S.C. Section 1332(a)

**B.     Venue is Proper is this Court**

10.    Venue properly lies within this United States District court for the Eastern District of Pennsylvania, under 28 U.S.C. § 1391(a)(2) and 28 U.S.C. § 118(b)(2), as this District embraces the location of the Pennsylvania state court where the State court Action is currently pending.

**C.     Complete Diversity of Citizenship Exists.**

11.    The Complaint identifies Plaintiff as a resident of Philadelphia, Pennsylvania. (Exhibit "A", ¶ 1). Therefore, Plaintiff is a citizen of Pennsylvania.

12.    Defendant NJM has a principal place of business in West Trenton, New Jersey and therefore is domiciled in and a citizen of New Jersey

13.    Complete diversity exists between the parties.

**D.     This Removal is Timely.**

14.    Section 1446(b)(3) permits removal "within 30 days after receipt by the defendant … of a copy of an …. Order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

15.    Following, this Notice of Removal is timely filed as the thirty-day period for removal began to run no earlier than November 20, 2025, the date on which services was purported to have been effectuated on Defendant, NJ Casualty. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 354 (1999).

16.    This Notice of Removal is filed in advance of the 30-day time period, which expires on Monday, December 21, 2025.

**E.     The Amount in Controversy Requirement is Satisfied.**

17.    In addressing the amount in controversy, Defendant does not concede the validity of Plaintiffs' claims or attempt to predict what, if anything, Plaintiffs will recover. The

amount in controversy is determined by the amount demanded, not what will ultimately be recovered. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938).

18. Where a plaintiff's complaint demands relief for unliquidated damages, and the defendant's Notice of Removal asserts that the amount in controversy exceeds $75,000, "the Court must decide whether Defendants' Notice of Removal proves by a preponderance of the evidence that [plaintiff's] claims exceed $75,000. *Dorley v. Save-A-Lot*, No. 16-cv-04510, 2016 U.S. Dist. LEXIS 147296, at *6 (E.D. Pa. Oct. 25, 2016).

19. The relevant statutory provision for this determination is 28 U.S.C. § 1446(c)(2) which reads, in part:

> (c)(2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—
>
>> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks--
>>
>>> (i) nonmonetary relief; or
>>>
>>> (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>>
>> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

28 U.S.C. § 1446(c)(2).

20. In performing this analysis the Courts have held that, "The general rule in federal courts has long been that in order to decide the amount in controversy a court must look at the complaint." *S.B. v. United of Omaha Life Ins. Co.*, No. 13-1463, 2013 U.S. Dist. LEXIS 83642, at 6 (E.D. Pa. June 13, 2013). "The district court must determine the amount 'not . . . by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated.'" *S.B. v. United of Omaha Ins. Co.*, No. 13-1463, 2013 U.S. Dist. LEXIS 83642,

at *7 (E.D. Pa. Jun. 13, 2013), *quoting Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993).

21.　　In making this determination the Courts in the Eastern District of Pennsylvania have explained, "If, from the face of the complaint, it is a legal certainty that the plaintiff cannot recover $75,000, or it appears to a legal certainty that plaintiff is not entitled to that amount, the case is barred from proceeding in federal court due to the failure to satisfy the amount in controversy requirement." *S.B. v. United of Omaha Life Ins. Co.,* No. 13-1463, 2013 U.S. Dist. LEXIS 83642, at 7 (E.D. Pa. June 13, 2013).

22.　　In the Eastern District of Pennsylvania the Courts have further explained that when "the Complaint does not explicitly limit Plaintiff's damages to an amount under the federal diversity threshold, we must independently appraise the value of [plaintiff's] claims." *Davis v. Donnelly*, No. 14-6163, 2015 U.S. Dist. LEXIS 21676, at 8 (E.D. Pa. Feb. 24, 2015).

23.　　In so doing, the Court has explained that in making the determination as to the amount in controversy the "estimations of the amounts recoverable must be realistic. The inquiry should be objective and not based on fanciful, 'pie-in-the-sky,' or simply wishful amounts, because otherwise the policy to limit diversity jurisdiction will be frustrated." *Id.*

24.　　Here, at the time the notice of removal was filed, the plaintiff's demands include compensatory damages "in amount in excess of fifty thousand dollars ($50,000.00)…". (Exhibit "A", see the "Wherefore" paragraphs.)

25.　　In addition, within the complaint, Plaintiff also makes claims for personal injuries and other damages including, "neck; both shoulders; back; headaches; cervical strain; lumbosacral strain; sharp, aching, and radiating pain to cervical spine, thoracic spine, lumbar spine, and left lower extremity; tenderness to the cervical paraspinal muscles and bilateral trapezius muscles; thoracolumbar paraspinal muscles; cervical strain; trapezius strain; thoracolumbar strain with radiculopathy; cervical radiculopathy; lumbar radiculopathy; straightening of the cervical lordosis compatible with muscle spasm; C2-C3 1 mm bulge indents

the ventral thecal sac; C3-C4 broad based herniated disc measures 2.5 mm impinges on the cord; C4-C5 broad based herniated disc measures 2.5 mm impinges on the cord; C5-C6 1 mm bulge indents the ventral thecal sac; C6-7 road based herniated disc measures 3 mm, and other injuries." (Exhibits "A", ¶12.)

26. Plaintiff also contends that that as a result of the injuries he "has been compelled, in order to effectuate a cure for the aforesaid injuries, to spend large sums of money for medicine and medical attention … has been prevented from attending to his usual and daily activities and duties … has suffered physical pain, mental anguish, and humiliation … [and] has suffered and/or continues to suffer and/or may, in the future, suffer a loss of earnings and his earning power has been and/or may be diminished and lessened". (Exhibit "A", ¶15-18)

27. A fair reading of Plaintiffs' Complaint would lead a reasonable person to conclude from a preponderance of the evidence that the amount in controversy in this case exceeds the $75,000 threshold. (*See, Dorley v. Save-A-Lot*, No. 16-cv-04510, 2016 U.S. Dist. LEXIS 147296, at 6 (E.D. Pa. Oct. 25, 2016).

28. A copy of this *Notice of Removal* will be filed with the Prothonotary of the Philadelphia Court of Common Pleas as provided by 28 U.S.C. sec. 1446(d); and, pursuant to 28 U.S.C. sec. 1446(a) there is filed herewith and by reference made a part hereof, a true and correct copy of all process, pleadings and orders served to-date upon the Defendant in this action which consists of just the complaint.

**F.     Adoption and Reservation of Defenses**.

29. Nothing in this *Notice of Removal* shall be interpreted as a waiver of relinquishment of any of the defendant's right to assert any defense or affirmative matter, including but not limited to the following defenses:

    (1)     Lack of jurisdiction over the person;

    (2)     Improper venue;

(3) Insufficiency of process;

(4) Insufficiency of service of process;

(5) Improper joinder;

(6) Failure to state a claim;

(7) Failure to join indispensable parties;

(8) Any other pertinent defenses available under Pennsylvania Law or Federal Rule of Civil Procedure 12 or any other State Federal Statute or otherwise; or

(9) Arbitration

30. Defendant reserves the right to supplement this *Notice of Removal* by adding any jurisdictional defenses which may independently support a basis for removal.

**G.  Conclusion.**

Defendant NJ Casualty prays that this Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Philadelphia County, Pennsylvania court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania.

Respectfully Submitted,

SWARTZ CAMPBELL LLC

Dated: 12/17/2025

*/s/ Jillian Eisner*

Jillian Eisner, Esquire
Identification Nos. 311648
Two Commerce Square
2001 Market Street, Suite 2815
Philadelphia, PA 19103
Telephone: (215) 299- 4320
Email: jeisner@swarzcampbell.com
Attorney for Defendant

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| CRAIG RUMPH : | |
| : | |
| Plaintiffs : | |
| : | |
| v. : | CIVIL ACTION NO. 2:25-cv-7102 |
| : | |
| NJ CASUALTY INSURANCE : | |
| COMPANY, : | |
| : | |
| Defendant | |

**CERTIFICATE OF SERVICE**

I, certify that the foregoing *Defendant's Notice of Removal* was served by electronic filing and/or electronic mail this 17th day of December, 2025, addressed to the following:

Dennis L. Citron, Esquire
Coco, Feiner & Citron, P.C.
1704 Locust Street
Philadelphia, PA 19103
    (Counsel for Plaintiff)

                                              SWARTZ CAMPBELL LLC

Dated: 12/17/2025                               */s/ Jillian Eisner*

                                              Jillian Eisner, Esquire
                                              Identification Nos. 311648
                                              Two Commerce Square
                                              2001 Market Street, Suite 2815
                                              Philadelphia, PA 19103
                                              Telephone: (215) 299- 4320
                                              Email: jeisner@swarzcampbell.com
                                              Attorney for Defendant